UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
**F I L E D**

NOV 2 0 2014

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.          SUPERSEDING INDICTMENT NO. <u>14-CR-20-S-DCR</u>

**WENDELL KEITH HALL and
KELLY SHORTRIDGE**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all times relevant to this Indictment, WENDELL KEITH HALL was a resident of Pike County, Kentucky, and owned, operated, or was associated with, coal mining companies in Pike County, including Beech Creek Coal Company, LLC and HEI Services, LLC. These coal mines operated in interstate commerce by buying equipment manufactured in other states, doing business with firms from other states, and selling coal to companies that transport the coal to other states for sale or use. In addition, HALL established and owned an entity named S&K Properties, LLC, which purported to be a real estate holding company.

2. At all times relevant to this Indictment, the Kentucky Division of Mine Reclamation and Enforcement (DMRE) was a state agency with the responsibility of inspecting surface coal mine sites and insuring compliance with federal surface mining reclamation

laws. During any relevant twelve month period the DMRE received over $10,000 of funds from federal grants and programs. As such, it was an agency of state government within the purview of 18 U.S.C. § 666(b).

3. At all times relevant to this Indictment, KELLY SHORTRIDGE was employed as an environmental inspector for DMRE. His duties included inspecting surface mine sites and enforcing surface mining reclamation laws and regulations. As such he was an agent of a state government agency within the purview of 18 U.S.C. § 666(a)(1). In that capacity, SHORTRIDGE was responsible for providing periodic and regular inspections of assigned permitted mine sites and for issuing citations for any observed violations of law and regulations pertaining to surface mine reclamation.

4. On or about March 25, 2010, KELLY SHORTRIDGE and WENDELL KEITH HALL caused to be established a company, DKJ Consulting, LLC, using the name of SHORTRIDGE'S wife, and, soon thereafter, did open a bank account in that name with SHORTRIDGE'S wife as the sole authorized signator, to provide a disguised means of transferring money from WENDELL KEITH HALL to KELLY SHORTRIDGE.

5. From about April 2009 until about August 2011, KELLY SHORTRIDGE was the environmental inspector assigned to inspect several permitted mine sites held by or associated with WENDELL KEITH HALL.

6. Between 2009 and 2011, many violations of the surface mining reclamation law went uncited at sites permitted to or associated with HALL and inspected by SHORTRIDGE.

7. Between May 2009 and December 2010, HALL paid, or caused to be paid, approximately $46,000 to SHORTRIDGE to influence his actions as a surface mine

inspector. Most of this money was disguised as payments made by S&K Properties, LLC and Beech Creek Coal Company, LLC to DKJ Consulting, LLC.

8. The infractions and violations on HALL'S permitted sites that went uncited by SHORTRIDGE or would have gone uncited by SHORTRIDGE in the future, would have involved remedial costs and fines and financial penalties in excess of $5,000.

9. On or about a date in 2012, the exact date unknown, KELLY SHORTRIDGE sent a message to HALL that if HALL did not pay SHORTRIDGE what he was owed, SHORTRIDGE would use his professional influence to cause reclamation violations to be issued against HALL'S mine sites resulting in financial penalties in excess of $25,000.

## COUNT 1
## 18 U.S.C. § 666(a)(1)(B)

10. The allegations set forth in the Background section of this Indictment are restated and incorporated herein by reference.

11. Between May 2009 and December 2010, in the Eastern District of Kentucky,

**KELLY SHORTRIDGE**

being an employee and agent of a state government agency that received more than $10,000 of federal funds in a twelve month period, corruptly solicited, agreed to accept, and accepted a thing of value, that is, money, from WENDELL KEITH HALL, intending to be influenced and rewarded in connection with a transaction and series of transactions of that agency involving a matter worth $5,000 or more, that is, the decision on whether or not to issue citations for surface mining reclamation violations, all in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT 2
## 18 U.S.C. § 666(a)(2)

12. The allegations set forth in the Background section of this Indictment are restated and incorporated herein by reference.

13. Between May 2009 and December 2010, in Pike County, and elsewhere, in the Eastern District of Kentucky,

### WENDELL KEITH HALL

corruptly offered and agreed to give, and gave a thing of value, that is, money, to KELLY SHORTRIDGE, an employee and agent of a state government agency that received more than $10,000 of federal funds in a twelve month period, with the intent to influence and reward SHORTRIDGE in connection with a transaction and series of transactions of that agency involving a matter worth $5,000 or more, that is, the decision on whether or not to issue citations for surface mining reclamation violations, all in violation of 18 U.S.C. § 666(a)(2).

## COUNT 3
## 18 U.S.C. § 1951

14. The allegations set forth in the Background section of this Indictment are restated and incorporated hererin by reference.

15. In or about 2012, the exact date unknown, in Pike County, and elsewhere, in the Eastern District of Kentucky,

### KELLY SHORTRIDGE

did knowingly and unlawfully attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of

articles and commodities in such commerce, by extortion, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant, KELLY SHORTRIDGE, did obtain and attempt to obtain money not due to KELLY SHORTRIDGE from WENDELL KEITH HALL, with his consent, under color of official right, and having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that the defendant did threaten to cause the issuance of citations for surface mining reclamation violations, all in violation of 18 U.S.C. § 1951.

## COUNT 4
## 18 U.S.C. § 1001

16. The allegations set forth in the Background section of this Indictment are restated and incorporated herein by reference.

17. On or about July 30, 2014, in Fayette County, in the Eastern District of Kentucky,

### KELLY SHORTRIDGE,

in a matter within the jurisdiction of the Federal Bureau of Investigation, an executive agency of the United States, that is, a criminal investigation into bribery, did knowingly and willfully make materially false statements and representations, in that he said, among other things:

    a) that he did not have any association with DKJ Consulting, LLC;

    b) that he did not know who was associated with DKJ Consulting, LLC;

    c) that he could not recall receiving any personal payments from S&K Properties; and

    d) that he had never received any financial payments from WENDELL KEITH HALL,

when in truth and fact, as he then knew, he had received money from WENDELL KEITH HALL, including payments disguised as money from S&K Properties and Beech Creek Coal Company to DKJ Consulting, LLC, all in violation of 18 U.S.C. § 1001.

                                       **A TRUE BILL**

*/s/ Kerry B. Harvey*
**KERRY B. HARVEY**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 3:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 4:** Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.