Eastern District of Kentucky
**F I L E D**

MAR 1 8 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**CRIMINAL ACTION NO. 14-CR-0020-S-KKC**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**KELLY SHORTRIDGE**                                    **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 666(a)(1)(B), Solicitation of a Bribe by an Agent of a Program Receiving Federal Funds. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the underlying Indictment as to defendant SHORTRIDGE, and Counts 3 and 4 of the Superseding Indictment.

2. The essential elements of Count 1 are:

(a) The defendant KELLY SHORTRIDGE was an agent of the Kentucky Division of Mine Reclamation and Enforcement, an agency within the Kentucky Department of Natural Resources;

(b) During the period between 2009 and 2011, the defendant corruptly accepted or agreed to accept from WENDALL KEITH HALL, something of value, that is monies, intending to be influenced as to the decision on whether to cite violations of state and federal laws and regulations related to mine sites permitted to or associated with HALL and inspected by SHORTRIDGE;

(c) The infractions and violations on HALL'S permitted sites that went uncited by SHORTRIDGE or would have gone uncited by SHORTRIDGE in the future had a value of $5,000 or more;

(d) The Kentucky Department of Natural Resources received benefits in excess of $10,000 in the one-year period beginning January 2010 and ending December 2010, pursuant to a federal program involving a grant. The Department of Natural Resources then distributed the funds to three agencies under its control, including the Department of Mine Reclamation and Enforcement.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)    At all times relevant to this Indictment, the Kentucky Division of Mine Reclamation and Enforcement ("DMRE"), an agency within the Kentucky Department of Natural Resources, was responsible for inspecting surface coal mine sites and insuring compliance with federal surface mining reclamation laws. During any relevant twelve month period, including the 12 month period from January 2010 through December 2010, the Kentucky Department for Natural Resources received over $10,000 of funds from federal grants and programs, which it then disbursed to three agencies within its control, including the DMRE. As such, it was an agency of state government within the purview of 18 U.S.C. § 666(b).

(b)    At all times relevant to this Indictment, KELLY SHORTRIDGE was employed as an environmental inspector for the DMRE. His duties included inspecting surface mine sites and enforcing surface mining reclamation laws and regulations. As such, he was an agent of a state government agency within the purview of 18 U.S.C. § 666(a)(1). In that capacity, SHORTRIDGE was responsible for providing periodic and regular inspections of assigned permitted mine sites and for issuing citations for any observed violations of law and regulations pertaining to surface mine reclamation.

(c)    At all times relevant to this Indictment, WENDELL KEITH HALL was a resident of Pike County, Kentucky, and owned, operated, or was associated with, coal mining companies in Pike County, including Beech Creek Coal Company, LLC and HEI Services, LLC. These coal mines operated in interstate commerce by buying equipment manufactured in

other states, doing business with firms from other states, and selling coal to companies that transport the coal to other states for sale or use. In addition, HALL established and owned an entity named S&K Properties, LLC, which purported to be a real estate holding company.

(d)     From about April 2009 until about August 2011, KELLY SHORTRIDGE was the environmental inspector assigned to inspect several permitted mine sites held by or associated with WENDELL KEITH HALL.

(e)     On or about March 25, 2010, KELLY SHORTRIDGE and WENDELL KEITH HALL caused to be established a company, DKJ Consulting, LLC, using the name of SHORTRIDGE'S wife, and, soon thereafter, did open a bank account in that name with SHORTRIDGE'S wife as the sole authorized signator, to provide a disguised means of transferring money from WENDELL KEITH HALL to KELLY SHORTRIDGE.

(f)     Between May 2009 and December 2010, in Pike County, and elsewhere, HALL paid, or caused to be paid, approximately $46,000 to SHORTRIDGE to influence his actions as a surface mine inspector. Most of this money was disguised as payments made by S & K Properties, LLC and Beech Creek Coal Company, LLC to DKJ Consulting, LLC. Between 2009 and 2011, many violations of surface mining reclamation laws went uncited at sites permitted to or associated with HALL and inspected by SHORTRIDGE.

(g)     SHORTRIDGE admits that he corruptly accepted the approximately $46,000 in exchange for knowingly failing to cite infractions and violations on mining cites permitted to or associated with WENDALL KEITH HALL. SHORTRIDGE also admits that the infractions and violations on HALL'S permitted sites that went uncited by SHORTRIDGE, or would have gone uncited by SHORTRIDGE in the future, would have involved remedial costs and fines and financial penalties in excess of $5,000.

4.   The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

3

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations.  This recommendation does not bind the Court.

(a)   United States Sentencing Guidelines (U.S.S.G.), November 1, 2014, manual, will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 2C1.1(a)(1), the base offense level is 14 because the defendant was a public official.

(c)   Pursuant to U.S.S.G. § 2C1.1(b)(1), increase the offense level by 2 levels because the offense involved more than one bribe or extortion.

(d)  Pursuant to U.S.S.G. § 2C1.1(b)(2), increase the offense level by 6 levels because the offense involved payment of greater than $30,000, but less than $70,000.

(f)   Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.  The parties may argue for or against a variance from the guideline range, as determined by the court at sentencing, pursuant to the factors set forth in 18 U.S.C. § 3553(a).

4

8.   The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12.     This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

6

14.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date:   3/17/15          By:

Erin M. Roth
Assistant United States Attorney

Date:   3/17/15

Kelly Shortridge
Defendant

Date:   3-17-15

R. Kent Westberry
Attorney for Defendant

**APPROVED**, this 18 day of March, 2015.

UNITED STATES DISTRICT JUDGE

7