UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL NO. 14-20-DCR                     *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.        **THE UNITED STATES' SENTENCING
     MEMORANDUM FOR DEFENDANT WENDALL KEITH HALL**

WENDELL KEITH HALL                                          DEFENDANT

\* \* \* \* \*

Comes now the United States of America and asks the Court to impose a sentence of 97 months imprisonment, the top of Wendall Keith Hall's sentencing guideline range,[1] based on the history and characteristics of the defendant, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, the need for general deterrence, the need to promote respect for the law, and the need to protect the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a).

---

[1] This is the top of the advisory guideline range according to the most recent Presentence Report ("PSR"). The United States believes these guidelines to be accurate. Although Hall has filed numerous objections, only the objection to a two-level increase for obstruction of justice would alter his guideline range. The United States has provided a response to Hall's objection to the PSR in which it outlined numerous specific examples of Hall's testimony that directly contradict other testimony by trial witnesses and that the Court can find was false for purposes of the sentencing enhancement. The United States would urge the Court to adopt these specific examples as evidence of Hall's obstructive conduct.

1

*Sentencing Factors under 18 U.S.C. § 3553*

The nature and circumstances of the offense warrant a sentence at the top of the guideline range. Wendall Keith Hall was elected by the citizens of Pike County to protect and advocate for their interests for 14 years.  Yet during that time, Hall was involved in a serious breach of the public's trust, during which he paid another public servant to ignore laws and regulations enacted for the protection of the public he had been elected to serve. Hall, as an advocate for the citizens of Pike County, was tasked with, among other things, protecting his constituents from the deleterious effects of improper mine reclamation procedures.  He should have been an ardent supporter of laws designed to protect against fly rock incidents, the absence of sediment control to keep water clean, proper auguring procedures, and excessive high walls that leave the landscape unusable and unattractive. Instead, he promoted his economic self- interest by paying an inspector, another public official paid by the taxpayers and entrusted with protecting the public, to circumvent those laws.  Hall's payments to Shortridge to overlook reclamation and environmental violations left the public vulnerable to the negative effects of mining that the laws were enacted to prevent.

Moreover, the bribery in this case was not a single act.  Instead, it was an ongoing series of payments designed to groom and cultivate Shortridge for larger and larger acts. Hall attempted to elevate Shortridge within the government agency where he worked with the intent that he would have the power to influence more substantial things for the

2

benefit of Hall's mining operations in the future.  In addition, Hall added to the severity of his conduct by enlisting several people around him to unwittingly assist in his scheme by paying Shortridge, or by assisting Hall in paying Shortridge in several creative and disguised ways. In short, this was a carefully orchestrated and sinister bribery plot that ironically was cut short when he called attention to Shortridge's extortionate demands for full payment, never expecting his own involvement in the scheme to be investigated.

      The history and characteristics of the Defendant also are aggravating.  This is not the first time Hall has been caught using his elected position to put his own economic interests before the interests of those he was elected to serve. In 2011, Hall was fined and reprimanded by the Kentucky Legislative Ethics Commission for economic self-dealing. Hall voted to appropriate coal-severance taxes for a Pike County sewer project from which one of his companies was given more than $170,000 in no-bid contracts. *See* Attachment A (a copy of a Lexington Herald Leader article describing the action). Despite the large economic gain to Hall, he was only fined $2,000 and publicly reprimanded for his actions.  There, like here, Hall was putting his economic self-interest before his public responsibilities.  Although Court denied the Government's request to put before the jury evidence of Hall's past legislative ethics censure, it is appropriate for the Court to consider it in the sentencing context.

      The need for deterrence and to protect the public in this case is great.  In his trial testimony, Hall continued to fail to take responsibility for his actions.  As set forth more

fully in the United States response to Hall's objections to the PSR, provided to the United States Probation Office, the United States believes Hall committed perjury throughout his testimony. Hall tried to blame some of the illicit payments on his employees and associates, the Hurleys and Mr. Norman, and offered explanations for other payments that lacked credibility. Hall also feigned ignorance of basic ethics rules against conflicts of interests and the appearance of impropriety that would arise from conducting business with your own mine inspector. Although this perjury has been considered in Hall's guideline calculations, Hall's insistence on passing the blame for his conduct to others and failing to take responsibility for the harm he has caused, is also evidence relevant to the need for a sentence that will truly deter Hall, and others in a similar position, from making decisions that put their own self-interest above others.

In sum, the sentence imposed here must reflect the seriousness of the offense, afford deterrence to those who would be tempted to emulate Hall's conduct, and protect the public from further crimes of the Defendant. The United States hereby asks the Court to sentence Wendell Keith Hall to 97 months of imprisonment, the top of the guideline range.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

By:    s/Kenneth R. Taylor
        Assistant United States Attorney
        260 W. Vine Street, Suite 300

        Lexington, Kentucky 40507-1612
        (859) 685-4874
        FAX (859) 233-2747
        Ken.Taylor@usdoj.gov

By:    s/Erin M. Roth
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        FAX (859) 233-2747
        Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

      On March 22, 2016, I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing and a copy of the foregoing to all parties of record.

                                        <u>s/Erin M. Roth</u>
                                        Assistant United States Attorney