UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7:14-CR-00020-KKC |
| | ) | *Electronically Filed* |
| v. | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| WENDALL KEITH HALL | ) | |
| | ) | |
| Defendant, | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Comes the Defendant, Wendell Keith Hall, by and through Counsel, and submits the following as his sentencing memorandum for the Court's consideration. For the reasons set forth below, it is respectfully submitted that a sentence reflecting imposed at the bottom end of the sentencing guideline range is more appropriate than the maximum sentence recommended by the United States in its Sentencing Memorandum filed of record herein (Doc #116). The individualized assessment of 18 U.S.C. § 3553(a) sentencing factors calls for a sentencing range that is substantially lower than the high end of the presently calculated guideline range. The imposition of such sentence is purely consistent with the mandate of 18 U.S.C. § 3553(a) that the sentence imposed by the Court be no greater than necessary to serve the goals of sentencing enumerated in § 3553(a) (2).

*United States v. Booker*, 543 U.S. 220 (2005) excised § 3553(b) from the laws applying the Federal Sentencing Guidelines and is now a discretionary matter for the courts. Sentences should now be imposed which reflect a balancing of the sentencing factors listed in 18 U.S.C. § 3553(a). Sentencing options available to United States Federal District Courts have significantly

broadened following *Booker* and its progeny. See *U.S. v. Moon*, 513 F.3d. 527, 541 (6th Cir.

2008). 18 U.S.C. § 3553(a) states:

a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider--

1) the nature and circumstance of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed--

A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B)   to afford adequate deterrence to criminal conduct;

C)   to protect the public from further crimes of the defendant; and

D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentence and the sentencing range established for--

A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

i.   issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28, Untied States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendment have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of Title 28); and

ii.   that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in  effect on the date the defendant is sentenced; or

B)   in the case of violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 944(a)(3) of Title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of title 28);

5) any pertinent policy statement--

   A)   issued by the Sentencing Commission pursuant to section 944(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of title 28);

   B)   that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced,[;]

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) the need to provide restitution to any victims of the offense.

Under the above statute, the Court is to apply various factors to determine a minimally sufficient sentence. An examination of the relevant statutory factors follows.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The offense for which the Defendant has been convicted speaks for itself. The Defendant, and his counsel, aggressively defended against the charge brought by the government during a weeklong jury trial which was the Defendant's constitutional right to do.  As a result, the Court is completely familiar with the facts and evidence in this case after listening to all the evidence from several witnesses presented by the government and the Defendant, including the Defendant himself.  As the Court is fully aware, the Defendant categorically denied the charges and to this day maintains his innocence.  However, the Defendant recognizes it is within the sole province of the jury to determine whether they believe the Defendant committed the crime for which he was charged.  And, in this case, the jury decided the Defendant was guilty of the crime charged contrary to the Defendant's proclamation of his innocence.

Defendant, Wendell Keith Hall is a 56 years old, and has lived in Pike County, Kentucky most of his life.   The presentence report sets forth in detail the family history of the Defendant,

including information on his adult children, his now ex-wife, his education, his work history and his public service history.  Since this information is before the Court in the presentence report a detailed recitation of this information will not be replicated here.  Such information speaks for itself as it relates to the Defendant.

As it relates to the misconduct that brings the Defendant before the Court, the Court is well aware of the nature and extent of said conduct.  The Defendant is fully aware that because a jury found the Defendant's conduct to be a crime that the Court will not countenance or condone in any way the conduct which led the jury to find the Defendant guilty.  As a result, the Defendant in this portion of this memo will make no attempt to minimize the jury decision or attempt to engage in any effort to "sugar-coat" the fact that he was found guilty by arguing social factors that would attempt to make him out to be a good guy so as to minimize or avoid responsibility for actions which the jury concluded constituted a crime.  The Defendant believes that such an effort on his part would be an insult to the jury and to this Court.   The Defendant fully accepts the jury's verdict and is prepared to serve whatever sentence the Court imposes. The Defendant is now before this Court as a humbled man, whose personal and professional life is all but ruined, all the while facing a significant amount of prison time and monetary fine as punishment for the crime for which he was convicted by the jury.

However, the Defendant, pursuant to 18 U.S.C. § 3553(a) and *United States v. Blue*, 557 F.3d 682 (6th Cir. 2009), respectfully asks this Court to take to into consideration those § 3553 factors in imposing a sentence at the lower end of the sentencing guidelines.

### THE NEED OF THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT OF THE LAW AND TO PROVIDE PUNISHMENT FOR THE OFFENSE

Above all, the Defendant does not in any way minimize or make light of the seriousness of his conduct for which he has been adjudged guilty. He takes them very seriously and recognizes the inherent power of the Court to impose a significant sentence of imprisonment. However, the issue now before the Court is what type of sentence should be imposed to promote respect for the law and provide adequate punishment.  The Defendant now recognizes that his conviction has now seriously and adversely affected his life to an extent he could have never imagined or appreciated prior to this action. He is now a convicted felon facing imprisonment for a significant period of time.  Financially, the Defendant is all but ruined and will have to sale any and all assets he has left after his divorce to meet his financial obligations.   Furthermore, the prosecution and conviction of the Defendant clearly sends a message to the general public and to public officials that violations of law will not be tolerated.  Clearly, a prosecution such as this one against the Defendant promotes respect for the law.

As previously stated, the Defendant stands before this Court with a presently calculated sentencing guideline range of 78 to 97 months imprisonment. A sentence at the upper end of this range is more than necessary or needed to fashion a sentence for the Defendant that reflects the seriousness of the offense, to promote respect for the law and to provide punishment for the offense of which the Defendant has been adjudged guilty.

### THE NEED FOR THE SENTENCE IMPOSED TO AFFORD DETERRENCE TO CRIMINAL CONDUCT

The prosecution the Defendant has endured and his incarceration after sentencing sends a clear and powerful message to the public and to the citizens of the Eastern District of Kentucky, and to the Commonwealth at large, that this type of criminal conduct will not be tolerated. The

prosecution of the Defendant and the finding of guilt by a jury, and the resulting punishment more than adequately serve as deterrence to the wider community and send the message that this type of criminal conduct should be avoided by all at all costs.

## THE NEED FOR THE SENTENCE IMPOSED TO PROTECT
## THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

The Defendant is a convicted felon.  After serving his sentence he will likely never be able to work in the coal industry again in any capacity that requires a license nor will he be able to hold public office.  Additionally, he will be several years older in his 60's where job prospects are limited for a man his age with a felony conviction.   The public will be protected because he still is subject to a significant period of incarceration and supervised release. A sentence of incarceration falling at the lower end of the guideline range would be sufficient, but not greater than necessary, to provide the deterrent message under the statute, 18 U.S.C. § 3553(a). In light of this prosecution of the Defendant's and  the factors discussed in this paragraph the Defendant is simply not a risk to recidivate and the public will be protected from further crimes of this Defendant if such a sentence at the lower end of the guidelines is imposed by the Court.

## THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

The Sentencing statute requires the Court to consider whether the sentence of a defendant would create a disparity among defendants with similar records who have been adjudged guilty of similar conduct. 18 U.S.C. § 3553(6). The undersigned submits to the Court that a sentence of 78 months, which is at the lower end of the calculated guideline range, would not create such a disparity given the factors considered in determining the calculated guidelines range.

## THE NEED FOR EDUCATIONAL OR VOCATIONAL TRAINING

The sentencing statute requires the Court to consider whether the Defendant needs educational or vocational training, medical care, or other correctional treatment that can only be

provided through a sentence of incarceration. 18 U.S.C. § 3553(2) (D). Consideration of the educational or vocational needs requires the Court to look at the specific educational and vocational history of the Defendant.  A review of the presentence report does not present any evidence that would require the Court to make a finding that the Defendant is in need of any educational or vocational training, medical care, or other correctional treatment that can only be provided through incarceration.

While the Defendant has experienced some minor health issues, it does not appear at this time that he is suffering from any medical condition that could not be properly treated by the Bureau of Prisons.

### THE NEED TO PROVIDE RESITUTION TO ANY VICTIMS OF THE OFFENSE

Finally, the sentencing statute requires the Court to consider the need to provide restitution. 18 U.S.C. § 3553(7).  Per the presentence report Restitution is not applicable in this case pursuant to 18 U.S.C. Section 3663.

### CONCLUSION

Based upon the authority cited by *Booker, Gall, and Kimbrough*, the Defendant's age, criminal history, family, educational and work history and other relevant factors under the sentencing guidelines, the Defendant requests the Court to enter a sentence that is minimally sufficient under 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ *Brent L. Caldwell*
Brent L. Caldwell
Caldwell Law Firm, PLLC
153 Market Street
Lexington, KY 40507
Phone (859) 225-1400
Fax (859) 231-7588
*Attorneys for Defendant*

*/s/Bryce L. Caldwell*
Bryce L. Caldwell, Attorney At Law, PLLC
401 Frederica Street
Building B, Suite 204
Owensboro, KY 42301
Office (270) 852-4900
Cell (270) 231-7513

## CERTIFICATE OF SERVICE

It is hereby certified that on March 22nd, 2016 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system to all counsel of record.

Respectfully submitted,

*/s/ Brent L. Caldwell*
Brent L. Caldwell
Caldwell Law Firm, PLLC
*Attorney for Defendant*